UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMANTHA T.,

      Plaintiff,

v.               CASE NO. 1:22-cv-00139
                (JGW)

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____

APPEARANCES:         OF COUNSEL:


HILLER COMERFORD INJURY      ELIZABETH A. HAUNGS, ESQ.
DISABILITY LAW         KENNETH R. HILLER, ESQ.
 Counsel for Plaintiff       IDA M. COMERFORD, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.    GRAHAM MORRISON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

    The parties consented in accordance with a standing order to proceed before the

undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).

The matter is presently before the court on the parties' cross-motions for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of

the administrative record and consideration of the parties' filings, the plaintiff's motion for

judgment on the administrative record is DENIED, the defendant's motion for judgment

on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born on August 1, 1991, and has less than a high school education. (Tr. 155). Generally, plaintiff's alleged disability consists of anxiety, depression, mania, bipolar disorder, panic disorder, and posttraumatic stress disorder. (Tr. 165). Her alleged disability onset date is October 1, 2014. (Tr. 155).

### B.    Procedural History

On October 7, 2014, plaintiff applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 135). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On January 9, 2017, plaintiff appeared before ALJ William Manico. (Tr. 29-58). On April 27, 2017, ALJ Manico issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-20). The Appeals Council (AC) denied plaintiff's request for review on April 30, 2018. (Tr.  1-3). Plaintiff proceeded to the Western District of New York and subsequently the case was remanded on February 11, 2020. (Tr. 738-48).

A de novo hearing was held telephonically on February 24, 2021, before ALJ Stephan Bell but plaintiff requested an adjournment, and another hearing was held on September 15, 2021. (Tr. 659-81). ALJ Bell issued a second unfavorable decision on November 8, 2021. (Tr. 631-51). Plaintiff then proceeded directly to this court.

### C.    The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since October 7, 2014, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: several mental impairments variously diagnosed as an attention deficit-hyperactivity disorder ("ADHD"), an unspecified anxiety disorder, a bipolar disorder, post-traumatic stress disorder ("PTSD"), a borderline personality disorder, a mood disorder, not otherwise specified, panic disorder, a generalized anxiety disorder, an adjustment disorder, and a hydrocodone use disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels except she can never work at unprotected heights or around moving mechanical parts. The claimant can never operate a motor vehicle as a job duty. The claimant is able to perform simple, routine, and repetitive tasks and make simple work-related decisions. She can occasionally interact with supervisors and coworkers. The claimant can never interact with the public.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on August 1, 1991 and was 23 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 7, 2014, the date the application was filed (20 CFR 416.920(g)).

## II.    THE PARTIES' BRIEFINGS

### A.    Plaintiff's Arguments

Plaintiff makes essentially two separate arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ's physical RFC was not supported by substantial evidence because there was no medical expert opinion evidence.  Second, plaintiff asserts the ALJ improperly relied on a stale medical opinion in formulating the mental RFC. (Dkt. No. 8 [Pl.'s Mem. of Law].)

### B.    Defendant's Arguments

Defendant responds that a medical opinion was not required to assess plaintiff's physical or mental RFC. Further, defendant asserts the ALJ appropriately considered all medical opinions during the relevant period and no opinion was stale because there was no deterioration in plaintiff's condition. (Dkt. No. 9 [Def.'s Mem. of Law].)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles.");

*Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs*., 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§

416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

### A. Physical RFC

Plaintiff first contends that the ALJ's physical RFC finding was improper because it was crafted without the benefit of a medical expert opinion. (Dkt. No. 8 at 9). At the time of application in 2014 plaintiff did not assert any physical impairments. (Tr. 159). In ALJ Bell's 2021 opinion, the plaintiff was found to have the non-severe physical impairments of neck pain, low back pain, right hip pain, headaches, and polyneuropathy but still capable of a full range of work at all exertional levels, while avoiding unprotected heights or moving mechanical parts. (Tr. 638. 643). Plaintiff does not assert an error in how the ALJ assessed the non-severe impairments but rather asserts the ALJ must have based the RFC on lay opinion because there was no physical medical opinion in the record. (Dkt. No. 8 at 9). This argument is meritless.

The regulations state that the ALJ, as opposed to a medical source, is responsible for assessing a claimant's residual functional capacity. 20 C.F.R. § 416.946(c).

Additionally, courts have repeatedly held that the RFC need not perfectly correspond with opinions of medical sources, *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), or even be based on opinion evidence. *See Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (summary order). Where the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required. *Monroe v. Comm'r*, 676 F. App'x 5, 8 (2d Cir. 2017) (quotations, alterations, and citations omitted); *see Spivey v. Comm'r*, 338 F. Supp. 3d 122, 127 (W.D.N.Y. 2018) (when the record is clear and contains a useful assessment from a medical source, a formal medical opinion is unnecessary). And here, there was ample evidence upon which the ALJ based the physical RFC.

As stated above, the ALJ found plaintiff's physical impairments were not severe and plaintiff does not claim error or that the ALJ failed to consider the non-severe impairments when assessing the RFC. When a claimant has only minor impairments, an ALJ can permissibly render a commonsense judgment about functional capacity even without a physician's assessment. *Perkins v. Berryhill,* 2018 WL 3372964, at *4 (W.D.N.Y. July 11, 2018) (internal citations omitted). Moreover, an ALJ is entitled to consider a plaintiff's activities of daily living as long as there is a logical connection between the purported activities and the ALJ's discussion and determination." *Malia Ann B. v. Comm'r of Soc. Sec.,* 2023 WL 2838054, at *11 (N.D.N.Y. Feb. 23, 2023) *report and recommendation adopted*, 2023 WL 2623864 (N.D.N.Y. Mar. 24, 2023). Here, the ALJ properly relied on plaintiff's function report, hearing testimony, and the history of conservative and routine treatment to formulate the RFC. *Voght v. Saul,* 2020 WL

3410837, at *5 (W.D.N.Y. June 19, 2020) (finding remand was not required where the ALJ did not request a medical opinion, instead relying on the claimant's testimony).

For example, plaintiff testified that she applied for disability because she "was having severe panic attacks," not because of physical impairments or limitations. (Tr. 665). Plaintiff's treatment records reflect that she reported as doing well and denied any other complaints, concerns or problems. (Tr. 1627, 1645, 1872). During a therapy visit in October 2021, plaintiff described herself as a stay-at-home mom to an 8-year-old, 9-year-old and 12-year-old. (Tr. 1918). In addition to caring for her children, plaintiff had three cats, two dogs, three lizards and some fish. (Tr. 1918). She reported "running around doing appointments", getting her children's paperwork for school, journaling, doing crafts and attending to her mother-in-law's health. (Tr. 1918-19).

The ALJ also discussed medical findings from physical examinations and treatment to support her conclusions. For instance, ALJ Bell noted that plaintiff's physical examinations were "essentially unremarkable." (Tr. 636). Despite the long-spanning relevant period, plaintiff received infrequent treatment for any physical conditions and no aggressive treatment. (Tr. 638, s*ee also e.g.*, Tr. 228 (noting no physical exams in prior twelve months), 266 (same), 394). *Penfield v. Colvin*, 563 F. App'x 839, 840 (2d Cir. 2014) (claimant receiving only conservative treatment is evidence that can weigh against allegations of disabling symptoms). Plaintiff cites treatment for her back pain in 2019 and 2020, a MRI in 2016, and physical therapy treatment for a month in 2016 to support the argument that her physical impairments required a medical expert to interpret any functional limitations. (Dkt. No. 8 at 12). However, plaintiff fails to do anything other than assert that the record evidence could support a more restrictive RFC, which is insufficient

to warrant remand. *See Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018) ("[U]nder the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position.").

### B. Stale Medical Opinion

Plaintiff next argues the ALJ relied on stale evidence in crafting the mental RFC. (Dkt. No. 8 at 13). However, as discussed above, a medical opinion is not required for the ALJ to formulate the RFC. Similarly, it wasn't inappropriate for the ALJ to consider medical opinion evidence that was rendered during the relevant period.

In November 2014, Dr. Fabiano diagnosed plaintiff with bipolar disorder and panic disorder, and opined that plaintiff had some mild limitations in her ability to relate adequately with others and appropriately deal with stress. (Tr. 252). A month later, in December 2014, State Agency review source Dr. Totin found plaintiff had an affective disorder and anxiety disorder, and opined:

> Claimant appears capable of low stress low contact work. The claimant's ability to deal with co-workers and the public would be somewhat reduced, but adequate to handle brief and superficial contact. Similarly, his (sic) ability to tolerate and respond appropriately to supervision would be reduced, but adequate to handle ordinary levels of supervision in the customary work setting. (Tr. 63).

ALJ Bell thoroughly discussed both medical opinions and accorded significant weight to each.

To be sure, medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding. *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015) (quotation marks and citation omitted). Further, a medical opinion may be stale if it does not account for the

claimant's deteriorating condition. *Carney v. Berryhill*, 16-cv-269-FPG, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017). However, a medical opinion is not necessarily stale simply based on its age. *See Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016) (summary order) (finding physician's year-old opinion not stale because subsequent opinions and treatment notes were consistent with physician's opinion).

Here, plaintiff claims her condition deteriorated as evidenced by medication changes. (Dkt. No. 8 at 15). Indeed, plaintiff had medication changes over the relevant period of seven years and additional mental impairments were diagnosed, but new diagnoses do not, alone, render opinions stale, rather, plaintiff must also show that her condition deteriorated after the medical opinions were provided. *Christopher C. v. Comm'r of Soc. Sec.*, 20-cv-01774, 2022 WL 16797970, at *4 (W.D.N.Y. Nov. 8, 2022). There is no evidence that her functioning changed or that there was a period of decompensation. As detailed in defendant's brief, the most recent mental health examinations continued to reflect normal mental functioning which was consistent with observations by Drs. Fabiano and Totin. (*See e.g.* Tr. 1902 (August 2021: normal speech, normal mood, normal affect, normal thought process and content, fully oriented, normal memory, normal insight and judgement); 1908 (September 2021: normal speech, normal mood, normal affect, normal thought process and content, fully oriented, normal memory, normal insight and judgement), 1911 (September 2021: calm and cooperative, clear and coherent speech, okay mood, affect congruent to conversation, linear thought process, fully oriented, good attention and concentration, intact memory, fair insight and judgement), 1916 (totally normal psychiatric examination), 1919 (same)).

A review of the decision as a whole shows the ALJ relied on more than just the medical opinions in the record. As discussed above, the ALJ discussed plaintiff's activities of daily living which were significant throughout the relevant period. This evidence also contradicts plaintiff's argument that her medication addiction and abuse were evidence of deterioration in her mental impairments because her functioning continued unchanged. Rather, it was in part her medication abuse that led to some of the medication changes which plaintiff is disingenuously arguing were because of a decline in her mental impairments. (Dkt. No. 8 at 16; *see* Tr. 116, 1669, 1775). It is plaintiff's burden to show that her condition deteriorated after the medical opinions were provided. *Vincent B. v. Comm'r of Soc. Sec.*, 561 F.Supp 3d 362, 367 (W.D.N.Y. 2021)). Because plaintiff does not present requisite evidence of deterioration to render the relevant medical opinions stale, the Court concludes that the ALJ did not err in relying on the opinions of Drs. Fabiano and Tobin.

**ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is

        **<u>DENIED</u>**; and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 9) is

        **<u>GRANTED</u>**;

Dated: October 25, 2024                J. Gregory Wehrman
Rochester, New York               HON. J. Gregory Wehrman
                                 United States Magistrate Judge